IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BOOKER T. MADDOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13CV382-MEF |
| | ) |
| William Cope, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered on June 11, 2013, the District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 3). Plaintiff Booker T. Maddox, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2).  Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.  However, upon review of the complaint, the court concludes that dismissal of plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B) on various grounds.[1]

It is further

ORDERED that service of the summons and complaint is STAYED until further order of the court directing such service.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

**PLAINTIFF'S CLAIMS**

Maddox sues eight individuals, each an officer or agent of the Pike County Sheriff's Department, the Troy Police Department, or the enforcement division of the Alabama Alcoholic Beverage Control ("ABC") Board, in their "individual private and offi[ci]al capacities." (Complaint, Caption and ¶ 6). Although he does not list them in the caption of his complaint, plaintiff also identifies the following entities as additional defendants within the body of the complaint (and in the caption of his IFP motion): (1) the Pike County Sheriff's Department; (2) the Alabama ABC Board; and the Troy Police Department. (Complaint, ¶ 2; IFP motion at p. 2). Plaintiff asserts that the defendants are liable to him for violating his "constitutional rights under the 1st, 4th, 5th, 6th, 8th, [and] 14th amendment[s]." (Complaint, ¶ 5). Plaintiff alleges that he was present when the defendant officers executed a warrant at 6033 Highway 87 in Troy, Alabama, on February 17, 2012, and that he "was told by several officers to get down with guns thrown in [his] face and several others." He alleges that he "felt like [he] was violated" and that he "feel[s] like due to them being gover[n]ment offic[i]als that they knew that this was a[n] illegal warrant to search the premises." (Id., ¶¶ 3-5). Attached to plaintiff's complaint are: (1) a notice of appeal filed on April 13, 2013, by criminal defendant Charles Edward Williams from a judgment of conviction in Pike County Circuit Court Case No. CC-2012-183; (2) the Circuit Judge's March 7, 2013, order pronouncing Williams "Guilty" of the charged offense of "Possession of Alcohol for Sale Without a License" pursuant to a jury's unanimous verdict,

2

and sentencing him; (3) an order entered by the Circuit Judge on that same day in another case against Williams, Case No. CC-2012-184 , adjudging Williams "Not Guilty" pursuant to the jury's verdict; (4) a motion to suppress filed by Williams in the case in which he later was convicted (Case No. CC-2012-183), arguing that the February 17, 2012 warrant was "unconstitutionally defective" because the residence described in the warrant was not his residence but that of another; (5) a judgment of conviction entered on July 6, 2012 by the Pike County District Judge in Case No. DC-2012-147 against Williams; (6) the search warrant issued by the Pike County District Judge on February 17, 2012, authorizing a search of "the residence of Charles Edward Williams, said residence being located at 6043 Alabama Highway 87 in Pike County, Alabama, the white wood frame house located immediately east of the white double wide mobile home located at 6017 Alabama Highway 87 in Pike County, Alabama, for evidence of the unlawful sale of alcoholic beverages"; (7) a December 6, 2011 contract renting "the dwelling located at 6033 Highway 87" to Leroy Grubbs on a monthly basis; and (8) a State of Alabama "STORE LICENSE" and "OCCUPATIONAL LICENSE" issued in January 2012 to "WHITE HOUSE," "LEROY GRUBBS," located at 6033 Highway 87 in Troy.

## DISCUSSION

Upon consideration of plaintiff's complaint, including its attachments, the court concludes that plaintiff's claims are due to be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for the following reasons:

3

1. Claims Against the Pike County Sheriff's Department. "Under Alabama law, a county sheriff's department lacks the capacity to be sued." Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Thus, plaintiff's claims against the Pike County Sheriff's Department are due to be dismissed with prejudice.

2. Claims Against the Alabama ABC Board, the ABC Board officers and agents in their official capacities and the Pike County Sheriff's Deputies in their official capacities. Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state. Hans v. Louisiana, 134 U.S. 1 (1890). This immunity extends to a defendant who acts as "an arm of the State." Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004). The State of Alabama has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). The Eleventh Amendment bars suits directly against "the State or one of its agencies or departments . . . regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984). Additionally, it bars not only plaintiff's federal claims but, also, any state law claims he may be attempting to assert pursuant to the court's supplemental jurisdiction. Id. at 103-124.

The Alabama ABC Board is a state agency that operates as an arm of the State of

Alabama.² Thus, all of plaintiff's claims against it – of any nature – are subject to the state's Eleventh Amendment immunity. Plaintiff's claims for damages against the ABC agents and the Pike County Sheriff's deputies in their official capacities are likewise barred by the Eleventh Amendment. Plaintiff here seeks a remedy for an alleged violation of his constitutional rights during a single incident that occurred on February 17, 2012. (Complaint, ¶¶ 4-5). Since he seeks no prospective relief, his claims do not implicate the *Ex Parte Young* exception to the Eleventh Amendment bar. See Ala. Code, § 28-3-43(a)(6)(ABC agents are appointed by the Board "subject to the provisions of the merit system"); Florida Assoc. of Rehabilitation Facilities, Inc. v. State of Fla. Dept. of Health and Rehabilitative Services, 225 F.3d 1208, 1220 (11th Cir. 2000)(Eleventh Amendment bars suits against state officials in

---

² See Ala. Code, Title 28, Chapter 3 (generally); § 28-3-2 ("This chapter shall be deemed an exercise of the police power of the State of Alabama for the protection of the public welfare, health, peace and morals of the people of the state[,]" and describing the Board as the instrumentality through which the state controls transactions in alcoholic beverages); §§ 28-3-40, *et seq.* (establishing the Board, specifying its duties and authority); § 28-3-46 (Board "shall administer and enforce the taxes imposed by this chapter"); § 28-3-43(a)(6)(authorizing the Board to appoint employees, subject to the provisions of the merit system, and to "commission such agents, inspectors or investigators as necessary to make arrests and execute search warrants and have the same authority as designated to peace officers as now authorized by law"); § 28-3-43(b)("The Alcoholic Beverage Control Board shall be subject to regular examinations by the examiners of public accounts the same as all other state agencies."); § 28-3-52 (requiring the Board to "install a system of accounts as the Department of Finance shall approve and direct" and providing that the Board's books and records are "public records" subject to examination and audit by the Department of Finance and the Examiner of Public Accounts); § 28-3-53 (providing that taxes, license fees and earnings of the Board be paid into the State's general fund or its trust funds); § 28-3-74 (providing that after the "cost and expense" of collecting liquor taxes is recovered from the net profits of the Alabama liquor stores, the next two million dollars is to be distributed into the State treasury, and the amount in excess of two million dollars is to be distributed to the wet counties and the incorporated towns and cities within such counties); Alabama Alcoholic Beverage Control Board v. Owen, 309 So.2d 459 (Ala. Civ. App. 1975)("The [ABC] Board is a State agency[.]").

their official capacities seeking retrospective relief, such as damages); Carr, 916 F.2d at 1525-26 (under Alabama law, deputy sheriffs are state officials entitled to Eleventh Amendment immunity when sued in their official capacities).

    3. Claims Against the Troy Police Department and Official-Capacity Police Officers. Plaintiff's complaint – including its attachments – alleges no basis for § 1983 liability against the Troy Police Department or the Troy police officers in their official capacities for the alleged constitutional violations; such liability may not rest on *respondeat superior*. See Nettles v. City of Leesburg – Police Department, 415 Fed. Appx. 116, 122 (11th Cir. 2010)(unpublished opinion)(observing that a municipality cannot be held liable under § 1983 "for injuries caused solely by its employees" and affirming dismissal of § 1983 claim where complaint failed to "allege sufficient 'factual content that allows the court to draw the reasonable inference' that the City of Leesburg Police Department is liable for any misconduct under § 1983")(citation omitted); Skop v. City of Atlanta, GA, 485 F.3d 1130, 1145 (11th Cir. 2007)( a municipality cannot be found liable under § 1983 "on a vicarious liability theory."). Accordingly, plaintiff's complaint fails to state a claim for relief against these defendants.

    4. Individual Capacity Defendants. Plaintiff's claims against the individual capacity defendants are due to be dismissed without prejudice due to plaintiff's failure to state any claim for relief against them. Plaintiff claims that the defendants have violated his rights under the "1st, 4th, 5th, 6th, 8th, [and] 14th" amendments. (Complaint, ¶ 5). The *facts* he

6

alleges, however, do not even hint that plaintiff has suffered a constitutional deprivation arising under the First, Fifth, Sixth, or Eighth Amendments.[3] Thus, plaintiff's First, Fifth, Sixth and Eighth Amendment claims against all defendants, including the individual capacity defendants, are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.[4]

The only constitutional protection potentially implicated by the facts alleged in plaintiff's complaint is that provided by the Fourth Amendment against unreasonable searches and seizures, as extended by the Fourteenth Amendment to state action. See American Federation of State, County, and Municipal Employees Council 79 v. Scott, __ F.3d. __, 2013 WL 2321383, *10 (11th Cir. May 29, 2013)("The Fourth Amendment protects '[t]he right of the people to be secure in the persons, house, papers, and effects, against

---

[3] In general, these constitutional amendments pertain to expression, association, procedural and substantive due process, counsel, criminal prosecutions, and post-trial punishment. See U.S. Const. amend. I, V, VI, and VIII.

[4] In evaluating plaintiff's claims, the court considers the exhibits appended to the complaint. Doc. # 1, ¶ 3; Doc. # 1-1; Fed.R.Civ.P. 10(c); cf. Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006)(in assessing a complaint pursuant to Rule 12(b)(6), the court considers the complaint and its attached exhibits). In assessing whether the complaint states a claim for relief, the court does not consider "allegations ... that are merely legal conclusions." American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, the court considers only the factual allegations (Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007)) to determine whether plaintiff's complaint includes "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted). Although the court construes the *pro se* plaintiff's complaint liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" Porter v. Duval County School Bd., 406 Fed. Appx. 460 (11th Cir. 2010)(unpublished opinion; citation omitted).

unreasonable searches and seizures,' U.S. Const. amend. IV, and applies to the states through the Due Process Clause of the Fourteenth Amendment."); Reese v. Herbert, 527 F.3d 1253, 1261 n. 11 (11th Cir. 2008)(claims relating to the seizure of a free citizen by law enforcement officers to be analyzed under the Fourth Amendment standard, rather than the substantive due process standard).

However, plaintiff fails to state a claim of unlawful search under the Fourth Amendment. To state an actionable § 1983 claim against any of the defendants, plaintiff must allege facts demonstrating that he, personally, has suffered a constitutional injury. He cannot do so by alleging a violation of someone else's rights. Chandler v. Secretary of Florida Dept. of Transportation, 695 F.3d 1194, 1201 n. 5 (11th Cir. 2012); cf. Robertson v. Hecksel, 420 F.3d 1254, 1255 (11th Cir. 2005)(affirming dismissal of mother's § 1983 substantive due process claim against officer and city arising from the shooting death of her adult son during a traffic stop; holding that mother had no protected liberty interest in a continued relationship with her adult son). Plaintiff alleges that he was present when the officers executed a search warrant at the "white house" – the residence of Leroy Grubbs and the location of Grubbs' licensed store. (Doc. # 1, ¶¶ 3-5 and Doc. # 1-1, p. 15). His allegations do not indicate – either directly or by inference – that plaintiff had any protected interest in the searched premises. Thus, to the extent that plaintiff claims that he is entitled to relief solely because the search of the "white house" was unlawful, he alleges no violation of *his own* protected rights.

The right suggested by plaintiff's factual allegations is his Fourth Amendment right to be free from an unreasonable seizure. Plaintiff's allegations of defects in the warrant – *i.e.*, that the "white house" was the residence of Grubbs, not Williams, and that its house number is 6033 rather than 6043 – present no basis for concluding that the warrant was unsupported by probable cause or otherwise constitutionally infirm, or that plaintiff suffered an unconstitutional seizure. "'The Fourth Amendment requires only that the search warrant describe the premises in such a way that the searching officer may with reasonable effort ascertain and identify the place intended.'" U.S. v. Graham, 476 Fed. Appx. 839, 841 (11th Cir. 2012)(quoting U.S. v. Burke, 784 F.2d 1090, 1092 (11th Cir. 1986)). The warrant issued by the Pike County District Judge described the premises authorized to be searched "for evidence of the unlawful sale of alcoholic beverages" as "the white wood frame house located immediately east of the white double wide mobile home located at 6017 Alabama Highway 87 in Pike County, Alabama[.]"  (Doc. # 1-1, p. 13).  Plaintiff alleges no facts suggesting that this description of the premises was inadequate to permit the officers executing the warrant to "ascertain and identify the place intended" (Burke, 784 F.2d at 1092). The discrepancies plaintiff identifies in the warrant – accepting plaintiff's factual allegations as true – are insufficient to render the warrant constitutionally defective.

Whether the officers executing the search warrant violated plaintiff's Fourth Amendment right to be free from unreasonable seizures by detaining the plaintiff as alleged depends on whether their actions were "objectively reasonable in light of the facts known to

9

them at the time.  Croom v. Balkwill, 645 F.3d 1240, 1249 (11th Cir. 2011).  Plaintiff alleges that he "was told by several officers to get down with guns thrown in [his] face." (Doc. # 1, ¶ 5).  Thus, the court considers whether the complaint states a claim either that plaintiff's limited detention itself was not permissible under the Fourth Amendment or that the officers crossed the Fourth Amendment line by using excessive force in effecting the seizure.  The few *facts* that plaintiff alleges – accepted as true – are not sufficient to support a reasonable conclusion that the Pike County District Judge issued the warrant without probable cause to believe that evidence of unlawful sales of alcohol would be found in the "white house" or that "reasonably prudent men in the defendants' positions" would not have been "warranted in the belief that they were validly authorized to execute the warrant and search the [p]remises."  Croom, 645 F.3d at 1250 (internal quotation marks omitted).[5]  The officers' objectively reasonable belief that they were authorized by the warrant to search the premises gives rise to a "categorical right to temporarily detain occupants of the [p]remises." Id.; see also Los Angeles County, California v. Rettele, 550 U.S. 609, 614 (2007)("In executing a search warrant officers may take reasonable action to secure the premises and to ensure their own safely and the efficacy of the search.")(finding no Fourth Amendment violation where

---

[5] Plaintiff alleges, "This ha[s] happen[ed] more th[a]n one time, so I feel like due to them being gover[n]ment offic[i]als that they knew that this was a[n] illegal warrant to search the premises." (Doc. # 1, ¶ 5).  This is conjecture, unsupported by allegations of fact permitting a reasonable inference that the defendant officers "knew" at the time they executed the warrant, that it was "illegal."  Additionally, plaintiff's conclusion that the warrant was "illegal" rests on the fact that the warrant incorrectly identified the house as Williams' residence. (Id., ¶¶ 3, 5).  As discussed above, this defect does not demonstrate that the warrant was constitutionally infirm.

10

officers executed a warrant to search a home for suspects and temporarily detained the innocent occupants, ordering one such occupant to lie face down on the ground and ordering two others – a couple sleeping together in the nude – out of bed at gunpoint). Nothing in the circumstances alleged by plaintiff suggests that the officers violated the Fourth Amendment by ordering plaintiff "and several others" to "get down." (See Complaint, ¶ 5). Plaintiff's allegation that they did so "with guns thrown in [his] face" is not sufficient to state a Fourth Amendment excessive force claim.[6] The use of weapons in the circumstances confronting the officers may very well have been objectively reasonable in view of the fact that they confronted several occupants of the "white house" (according to plaintiff's allegations) when they executed the search warrant. The court does not here conclude that the officers' use of weapons in detaining plaintiff and the several other people they found at the scene of the search necessarily was lawful but, instead, that plaintiff has not alleged facts sufficient to permit a conclusion, drawing all reasonable inferences in his favor, that it was not. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Rule 8(a)(2))(second alteration in Iqbal). The court's conclusion that the complaint fails to state a claim does not rest on any heightened pleading requirement beyond that set forth in Rule 8(a)(2). Plaintiff's complaint fails to state

---

[6] The court accepts plaintiff's well-pleaded factual allegations as true. However, it declines to read plaintiff's allegation that the officers ordered him to get down "with guns thrown in [his] face" literally. The court understands the allegation to mean that officers ordered him to get down while pointing their weapons at his face.

11

a Fourth Amendment claim because – in <u>Twombly</u> terms – it does not include allegations sufficient to "nudge[] [his] claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Thus, plaintiff's § 1983 Fourth Amendment claims against the individual officers are also due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge, pursuant to 28 U.S.C. § 1915(e)(2)(B), that: (1) plaintiff's claims against the Pike County Sheriff's Department be dismissed with prejudice, as this defendant is not a legal entity subject to suit; (2) plaintiff's claims against the Alabama Alcohol and Beverage Control Board be dismissed as barred by the Eleventh Amendment; (3) plaintiff's official-capacity claims for retrospective relief, including damages, against the Pike County sheriff's deputies and the ABC Board officials and agents be dismissed as barred by the Eleventh Amendment; (4) plaintiff's claims against the remaining defendants be dismissed without prejudice for failure to state a claim, and (5) after ruling on the present recommendation, the District Judge refer this matter back to the undersigned Magistrate Judge for further proceedings, including entry of an order permitting amendment as to the latter category of claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the plaintiff. The plaintiff may file any objections to this Recommendation on or before July 25, 2013. Any objections must specifically identify the

findings in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE